UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT SCHUTZA,<br><br>   Plaintiff,<br><br>v.<br><br>CARMAX AUTO SUPERSTORES CALIFORNIA, LLC, a Virginia Limited Liability Company; and Does 1–10,<br><br>   Defendants. | Case No. 14-cv-2617-L(JLB)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [DOC. 11]** |

   This Americans with Disabilities Act ("ADA") action arises from Plaintiff Scott Schutza's ("Mr. Shutza") allegation that Defendant CarMax Auto Superstores ("CarMax") violated the ADA by not installing and providing hand controls for Mr. Schutza to test drive a vehicle. CarMax now moves to dismiss all claims in the First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6). Mr. Shutza opposes.

   The Court finds this motion suitable for determination on the papers submitted and without oral argument under Civil Local Rule 7.1(d)(1). For the following reasons, the Defendant's motion is **DENIED**.

## I. BACKGROUND

According to the FAC, Mr. Schutza is a paraplegic who cannot walk and who uses a wheelchair for mobility. (FAC ¶ 1, ECF No. 9.) He contends that when he went to test drive a vehicle at CarMax in June 2014, he was denied the test drive because CarMax does "not and will not install vehicle hand controls on vehicles for persons with disabilities." (*Id.* ¶¶ 7, 9.)

Mr. Schutza alleges three causes of action: (1) violation of the Americans with Disabilities Act ("ADA"); (2) violation of the Unruh Civil Rights Act (Cal. Civ. Code §§ 51–53); and (3) violation of California's Disabled Persons Act (Cal. Civ. Code §§ 54–54.8). The latter two claims are based on a violation of the ADA.

CarMax now moves to dismiss Mr. Shutza's claims for failure to state a claim. (Def's Mot. 1, ECF No. 11–1.) CarMax asserts (1) that Mr. Shutza failed to properly plead that installation of hand controls is "readily achievable," (2) that because hand controls "alter the nature of the goods," CarMax is under no obligation to modify vehicles to accommodate a disabled citizen, and (3) that installing numerous types of hand controls may expose CarMax to liability. (*Id.* 5, 9, 10.)

## II. LEGAL STANDARD

The court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The court must accept all allegations of material fact as true and construe them in light most favorable to the nonmoving party. *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 975 (9th Cir. 2007). Material allegations, even if doubtful in fact, are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, the court need not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation

marks omitted).  In fact, the court does not need to accept any legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations omitted).  Instead, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id.*  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*  A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

### III. DISCUSSION

#### A. Americans with Disabilities Act (ADA) Claim

The ADA provides that no "individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C.A. § 12182(a).  The definition of "place of public accommodation" includes a "sales or rental establishment." 42 U.S.C.A. § 12181(7)(E).

Disability discrimination includes "a failure to remove architectural barriers...in existing facilities...where such removal is readily achievable." 42 U.S.C.A. §

12182(b)(2)(A)(iv). Reasonable and readily achievable modifications are required "unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations." *See* 42 U.S.C.A. § 12182(b)(2)(A)(ii). The regulations highlight that "[a] public accommodation shall remove architectural barriers in existing facilities ... where such removal is readily achievable, i.e., easily accomplishable and able to be carried out without much difficulty or expense." 28 C.F.R. § 36.304(a). The regulations also provide a list of 21 different items as examples of readily removable barriers. The list includes such things as installing ramps, widening doors, repositioning telephones, installing accessible door hardware, grab bars in toilet stalls, raised toilet seats, accessible parking spaces, and removing high pile carpeting. 28 C.F.R. § 36.304(b). The final item on the list is "installing vehicle hand controls." *Id.*

### 1. Mr. Schutza's Allegations Regarding "Readily Achievable" Removal are Sufficient

CarMax maintains that Mr. Schutza failed to plead sufficient facts to show that the removal of the alleged barrier (i.e. installation of hand controls) was "readily achievable." (Def.'s Mot. 5.) Mr. Schutza contends his allegations are sufficient, and that he "has very little, if any, obligation to allege *anything* about the readily achievable nature of installing the hand controls" because "[w]hether a barrier is readily achievable to remove is an affirmative defense to be raised and supported by the defendants." (Pl.'s Opp'n 2, ECF No. 12.)

There is disagreement regarding who bears the burden of proving that removal of a barrier is readily achievable, and "[t]he Ninth Circuit has yet to" resolve this split. *Moore v. Robinson Oil Corp.*, 588 F. App'x 528, 529-30 (9th Cir. 2014)[1]; *Vogel v. Rite*

---

[1] In *Moore,* the Ninth Circuit's found that an "expert's conclusory testimony, without further explanation, is insufficient to meet [the plaintiff's] burden of production to establish that the portable restroom was readily achievable." *Id.* at 530. Although explicitly denying the opportunity to establish a standard, the Ninth Circuit in *Moore* indicated that, at the very least, the plaintiff may have the "burden of production to establish" that removal of the barrier is

4

14cv2617

1  *Aid Corp.*, 992 F. Supp. 2d 998, 1010 (C.D. Cal. 2014); *Rodgers v. Chevys Restaurants, LLC*, No. C13-03923 HRL, 2015 WL 909763, at *3 (N.D. Cal. Feb. 24, 2015). Many district courts in the Ninth Circuit follow the Tenth Circuit's burden-shifting framework[2]; under this approach, the plaintiff bears the initial burden of production to present evidence that a suggested method of barrier removal is readily achievable; if plaintiff makes this showing, the burden shifts to the defendant, who bears the ultimate burden of persuasion regarding his affirmative defense that a suggested method of barrier removal is not readily achievable.[3] *Rodgers*, 2015 WL 909763 at *3 (string-citing courts that have followed this approach).

The Court notes that at least one court has not followed suit, and instead held that "[u]nder the ADA, defendants bear the initial burden of production as well as the ultimate burden of persuasion in establishing that remediation of architectural barriers in a public accommodation is not readily achievable."[4] *Rodriguez v. Barrita, Inc.*, No. C

---

"readily achievable." *Id.*

[2] This is the burden-shifting framework articulated in *Colorado Cross Disability v. Hermanson Family, Ltd.*, 264 F.3d 999 (10th Cir. 2001). In adopting this approach, the *Colorado Cross* Court followed numerous district courts and looked to statutory interpretation, reasoning "that [42 U.S.C. § 12182(b)(2)(A)(iv)], when read in conjunction with subsection (v), places the burden on Defendant to prove the proposed architectural barrier removal is not readily achievable. Subsection (v) states that discrimination includes, '*where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable*, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable.' 42 U.S.C. § 12182(b)(2)(A)(v) (emphasis added). Subsection (v) clearly contemplates that the entity, rather than the plaintiff, bears the burden to demonstrate that barrier removal under subsection (iv) is not readily achievable. Read together, subsections (iv) and (v) provide an affirmative defense for an entity. Accordingly, we conclude Plaintiff must initially present evidence tending to show that the suggested method of barrier removal is readily achievable under the particular circumstances. If Plaintiff does so, Defendant then bears the ultimate burden of persuasion that barrier removal is not readily achievable under subsection (iv)." *Id.* at 1002–03.

[3] This standard has also been followed by the Eleventh Circuit in *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1275 (11th Cir. 2006) (finding that "the district court properly applied the burden-shifting standard enunciated in *Colorado Cross*").

[4] The Court notes that at least one Court has found the "architectural" nature of the alleged barrier, a failure to install hand controls, to be debatable, as detailed in *Schutza v. FRN of San Diego, LLC*, No. 14CV2628 JM RBB, 2015 WL 574673, at *3 (S.D. Cal. Feb. 11, 2015) (finding that plaintiff's claims relating to installation of hand controls "do not arise out of or

5

09-04057 RS, 2014 WL 31739, at *14 (N.D. Cal. Jan. 3, 2014).  Although the plaintiff's burden differs among the two standards, the defendant's burden remains constant in that "[d]efendants bear the ultimate burden of proving that removal is not readily achievable." *Hubbard v. Rite Aid Corp.*, 433 F. Supp. 2d 1150, 1168 (S.D. Cal. 2006).  In light of the foregoing, the Court adopts the majority rule and concludes that a plaintiff bears the initial burden with respect to "readily achievable" remediation of architectural barriers.

Regardless of who carries the burden, Mr. Schutza's FAC states "a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570.  Regulations expressly provide for "installing vehicle hand controls" as an example "of steps to remove barriers," and Mr. Schutza claims that CarMax failed to install vehicle hand controls and identifies that installation of vehicle hand controls is readily achievable in paragraph eleven of his FAC.  28 C.F.R. § 36.304(b)(21); (FAC 3.)  Specifically, Mr. Schutza pleads that:

> Installing vehicle hand controls is a simple task, routinely done by rental car agencies and car dealerships all over the country. There are numerous hand control options, both universal products and specific products, for dealerships to employ that are inexpensive, would cause no damage to the vehicle, and would require little more than modest training and implementation. The task of acquiring and installing vehicle hand controls for persons with disabilities to test drive vehicles is easily accomplished without much difficulty or expense.

(FAC 3.) In so stating, Mr. Schutza met his initial burden of pleading a facially plausible claim that installation of vehicle hand controls is readily achievable.  These allegations are sufficient to establish that the installation of hand controls was readily achievable, at this stage of the proceedings.

In light of the foregoing, the Court **DENIES** CarMax's motion to dismiss on this ground.

//

---

relate to architectural barriers existing at the facility.").  However, the parties do not raise this issue.

### 2. Fundamental Alteration of the Nature of the Goods

CarMax also contends that installation of vehicle hand controls will "alter the nature of the goods" for sale at CarMax. (Def.'s Mot. 9.) Mr. Schutza did not address the issue in his opposition. (*See* Pl.'s Opp'n.)

Reasonable modifications are required "unless the entity can demonstrate that making such modifications would *fundamentally alter* the nature of such goods, services, facilities, privileges, advantages, or accommodations." 42 U.S.C.A. § 12182(b)(2)(A)(ii) (emphasis added). "Whether an accommodation fundamentally alters a service or facility is an affirmative defense." *Lentini v. California Ctr. for the Arts, Escondido*, 370 F.3d 837, 845 (9th Cir. 2004) (citations omitted). "Ordinarily affirmative defenses may not be raised by motion to dismiss...but this is not true when...the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984); *see also Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014).

Contrary to CarMax's suggestion, the Court finds that Mr. Schutza has plausibly pleaded that installation of vehicle hand controls would not fundamentally alter the nature of the vehicles for sale. Mr. Schutza's FAC states that there are numerous hand control options that would "cause no damage to the vehicle, and would require little more than modest training and implementation." (FAC 3.) At this stage of the proceedings, these allegations are sufficient.

In light of the foregoing, the Court **DENIES** CarMax's motion to dismiss on this ground.

### 3. Exposure to Liability

Lastly, CarMax's contention that the installation of hand controls "may also expose CarMax to liability" is unconvincing. (*See* Def.'s Mot. 10.) CarMax cites no law and provides no explanation for this position. (*Id.*) Further, the Court is not convinced that a defendant can avoid an ADA required improvement because it might expose the defendant to liability.

Therefore, the Court **DENIES** CarMax's motion to dismiss on this ground.

### B. Unruh Civil Rights Act Claim

Both parties agree that the viability of Mr. Schutza's Unruh Civil Rights Act claim rises and falls with his ADA claim. (FAC 7, Def.'s Mot. 11–12.) The Unruh Civil Rights Act establishes that a "violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-3361) shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Because Mr. Schutza's ADA claims remain viable, so too does his Unruh Civil Rights Act Claim.

Therefore, the Court **DENIES** CarMax's motion to dismiss on this ground.

### C. California Disabled Persons Act

Both parties agree that the viability of Mr. Schutza's California Disabled Persons Act claim rises and falls with his ADA claim. (FAC 7, Def.'s Mot. 11–12.) The California Disabled Persons Act states that a "violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act." Cal. Civ. Code § 54.1. Because Mr. Schutza's ADA claims remain viable, so too does his California Disabled Persons Act claim.

Therefore, the Court **DENIES** CarMax's motion to dismiss on this ground.

### IV. CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** CarMax's motion to dismiss.

**IT IS SO ORDERED.**

DATED: April 13, 2015

*M. James Lorenz*
M. James Lorenz
United States District Court Judge